IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

| | | |
|---|---|---|
| STELLA YVONNE RORER | § | Case No. _____ |
| | § | |
| VS. | § | |
| | § | |
| ROWLETTE APARTMENTS, LLC | § | |
| NOLAN REAL ESTATE SERVICES, INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1. STELLA YVONNE RORER, Plaintiff, complains of ROWLETTE APARTMENTS, LLC and NOLAN REAL ESTATE SERVICES, INC., Defendants, because:

2. Plaintiff is a citizen and resident of El Paso County, Texas.

3. Defendant, **ROWLETTE APARTMENTS, LLC** is a Missouri limited liability company, whose principal place of business is in the State of Missouri, and is doing business in the State of Texas as "Discovery at Rowlett Creek Apartments." Defendant may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Dallas County, Texas 75201.

4. Defendant, **NOLAN REAL ESTATE SERVICES, INC.**, is a Kansas corporation, whose principal place of business is in the State of Kansas, and is doing business in the State of Texas as "Discovery at Rowlett Creek Apartments." Defendant may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Dallas County, Texas 75201.

### JURISDICTION AND VENUE

5. Plaintiff and Defendants' states of citizenship are completely diverse. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Thus, this Court has jurisdiction pursuant to 28 U.S.C. §1332.

6. Venue is proper, pursuant to 28 U.S.C. §1391(b)(2), in this district and division, as all events that form the basis of this lawsuit occurred in Collin County, Texas.

## FACTS

7. Defendants are partners, joint venturers and/or owners of the property where this incident occurred, particularly, Discovery at Rowlett Creek Apartments, 4101 S. Custer Rd., McKinney, Collin County, Texas 75070 ("subject premises").

8. Defendants owned, maintained, managed and/or operated said business, at the time of the subject incident, on or about July 6, 2014.  The subject incident, more fully described herein below, occurred on the subject premises in an area, identified as "Building 5." Defendants are, singularly and/or collectively, referred to as "Defendants."

9. On or about July 6, 2014, at approximately 6:00, p.m., on a clear, sunny day, after visiting one of Defendants' tenants, Plaintiff, an invitee, was walking down a dark, exterior, covered hallway, on Defendants' premises, described in paragraphs 7 and 8 above, to go to the parking lot.  Plaintiff could not see an unmarked, unlit and uneven surface, drop or step on the walkway.  Suddenly and unexpectedly, Plaintiff stepped into the uneven surface, drop or step awkwardly which caused her to lose her balance, and she fell on her left knee, resulting in serious and permanent injury to her left knee and body generally.

## NEGLIGENCE

10. On the date of and prior to this incident, Defendants knew or reasonably should have known that the exterior hallway, including the uneven surface, drop or step, was in an unreasonably dangerous condition.   Defendants violated their duty owed to Plaintiff to use ordinary care, to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition, and failing to make that condition reasonably safe, and were negligent, by:

   a. failing to warn persons such as Plaintiff of the dangerous condition created by the exterior hallway's unmarked, unlit and uneven surface, drop or step on the walkway;
   b. failing to properly inspect the exterior hallway's unmarked, unlit and uneven surface, drop or step on the walkway;
   c. failing to properly delineate or mark the uneven surface, drop or step on the walkway;
   d. failing to properly illuminate the uneven surface, drop or step on the walkway; and/or
   e. such other acts or omissions as may be revealed in discovery.

11. Each of the foregoing acts of negligence, singularly or collectively, jointly and severally, constitutes a proximate cause of Plaintiff's injuries and damages, as alleged.

## DAMAGES

12. As a result of Defendants' negligence, Plaintiff has incurred the following damages in the past and, in reasonable probability, will sustain such damages into the future:

1. Physical pain and suffering;
2. Mental anguish;
3. Physical impairment;
4. Physical disfigurement;
5. Loss of earning capacity; and
6. Reasonable expenses for necessary medical care.

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein and that upon final trial hereof, Plaintiff have judgment against Defendants, jointly and/or severally, for her damages, as alleged, together with pre-judgment and post-judgment interest at the highest legal rate, costs of Court and such further relief to which Plaintiff may justly show herself to be entitled. Plaintiff reserves the right to amend this Petition in whole or in part. **PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,

FERRER, POIROT, & WANSBROUGH

By: /s/John T. Kirtley, III
John T. Kirtley, III
Texas Bar No. 11534050
2603 Oak Lawn Avenue, Suite 300
Dallas, Texas 75219-9109
jkirtley@lawyerworks.com
(Asst. molvera@lawyerworks.com)
(214) 521-4412
Fax (214) 526-6026

*Attorney-in charge for Plaintiff*